SAVOY, Judge
(dissenting in part).
I respectfully dissent from that portion of the majority decision which holds that the six pecan trees were both “crops” and “improvements” within the meaning of LSA-R.S. 48:218. For the reasons stated by the majority in State, through the Department of Highways v. Bernard, 271 So. 2d 303 (3rd Cir. 1972), I cannot agree that these trees were crops. I can agree that the pecan trees were “improvements” which were located on the land taken. They must be treated the same as buildings or other improvements.
Under the cited statute, the landowner is entitled to any damages which he suffered by reason of the destruction of these trees. But the facts clearly show he has suffered no such damage. The majority concedes these six pecan trees contributed nothing to the value of the land for commercial purposes, which was its highest and best use. Actually, in order to have used the property for commercial purposes, the trees would have had to be removed. For the reasons stated more fully in State, Department of Highways v. Bernard, supra, no award can be made for these trees which contributed nothing to the value of the property for commercial use.
For the reasons assigned, I respectfully dissent in part.